IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN E. MIZIC, | : CIVIL NO. 1:11-CV-0390 |
| Petitioner | : |
| v. | : |
| WILLIAM SCISM, WARDEN, *et al.*, | : |
| Respondents | : |

# MEMORANDUM

## I.  Introduction

Before the court is Petitioner John E. Mizic's motion to reopen the captioned action (Doc. 33) filed pursuant to 28 U.S.C. 2241. Mizic has also filed a motion for bail (Doc. 35) pending disposition of this motion. The Government has filed a brief in opposition to the motion to reopen (Doc. 37), and Mizic has filed a reply (Doc. 41), along with a letter to the court (Doc. 40) and a motion for summary judgment and reappointment of counsel (Doc. 39). The motion to reopen is ripe for disposition.

## II.  Background[1]

Mizic initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 1, 2011, while incarcerated at LSCI Allenwood. Essentially, Mizic claimed that the Bureau of Prisons erred in the computation of his sentences by not "giv[ing] effect to the 41 month term as was

---

[1] The background is taken, in part, from the Government's Brief in Opposition. (Doc. 37 at pp. 1-3.)

ORDERED by the Western District of Missouri Court . . . which increased the amount of time Mizic must remain incarcerated." (Doc. 1 at p. 11.) Subsequently, the Federal Public Defender's Office was appointed to represent Mizic and the court conducted an in-person conference with the parties' attorneys on June 15, 2011. (Docs. 11-16.) The petition was briefed by the parties, oral argument was conducted on November 1, 2011, and Respondents were provided the opportunity to supplement the record. (Docs. 17-26.) Prior to Respondents' submission, the parties came to an agreement concerning Mizic's sentencing computation issue and Mizic agreed to withdraw his petition. Mizic's unopposed motion to withdraw the petition was filed on December 16, 2011, and was granted by the court the same day. (Docs. 30-31.)

Since that time, the Supreme Court rendered a decision in a case entitled *Setzer v. United States*, 132 S. Ct. 1463 (2012). Mizic claims this case affects the Bureau of Prisons' calculation of his sentence and, therefore, his previous § 2241 petition should be reopened.

**III.     Discussion**

As Respondents point out, Mizic has been confined to the FCI Fort Dix, New Jersey since June 21, 2011. Mizic has filed an identical petition before the United States District Court for the District of New Jersey. It is Respondents' contention that the United States District Court for the Middle District of Pennsylvania no longer has jurisdiction. Respondents are correct. The only proper respondent in a habeas corpus action is the person having custody of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). *See also* 28 U.S.C. §§2242 &

2243. The person having jurisdiction over Mizic is the warden of FCI Fort Dix, Donna Zickefoose.

**IV.     Conclusion**

This court does not have jurisdiction to address the merits of the petition. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  July 12, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN E. MIZIC,** | **CIVIL NO. 1:11-CV-0390** |
| **Petitioner** | |
| v. | |
| **WILLIAM SCISM, WARDEN,** *et al.*, | |
| **Respondents** | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion to reopen the captioned action (Doc. 33) is dismissed.

2) The motion for bail (Doc. 35) is dismissed.

3) The motion for summary judgment and for appointment of counsel (Doc. 39) is dismissed.

4) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

5) This case remains closed.

                                              s/Sylvia H. Rambo
                                          United States District Judge

Dated: July 12, 2012.